IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPANSION LLC,

    Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD;
SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC; AND SAMSUNG AUSTIN
SEMICONDUCTOR, LLC,

    Defendants.

ORDER

10-cv-453-wmc

---

SPANSION LLC,

    Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD;
SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC; AND SAMSUNG AUSTIN
SEMICONDUCTOR, LLC,

    Defendants.

ORDER

10-cv-685-wmc

---

**Claims Construction**

In case 10-cv-453-wmc, the parties have moved for construction of fifteen claim terms. (Dkt. #71). In case 10-cv-685-wmc, the parties' deadline for requesting a claims construction is May 20, 2011. (*See* dkt. #53.) In reviewing the technology at issue in both cases, the court recognizes that there is significant overlap and, therefore, find that it will be a better

use of the court's and the parties' resources to combine the separate claims construction hearings into one hearing. This merging of the claims construction hearing does not alter the current briefing schedule set for claims construction in both cases, but does mean that the hearing dates set for both cases are stricken. Instead, the combined hearing will now be July 29, 2011.[1]

With respect to the claims construction motions filed by the parties in case number 10-cv-453-wmc, the court will construe ten of the fifteen proposed terms. The court will reserve ruling on whether five terms from the '677 patent are indefinite under 35 U.S.C. § 112 until summary judgment.

ORDER

IT IS ORDERED that:

(1) The claims construction hearing for case number 10-cv-453-wmc and case number 10-cv-685-wmc will be combined and held on July 29, 2011. All other claims construction briefing deadlines remain unchanged.

(2) Plaintiff's motion to reschedule the markman hearing (dkt. #75) is DENIED as moot.

Entered this 20th day of May, 2011.

BY THE COURT:
/s/
_____
WILLIAM M. CONLEY
District Judge

---

[1] If July 29th is unworkable for either party, the parties should consult and propose an alternate date, court will consider moving the hearing a week before or a week after July 29th.
This change in hearing date is not in response to plaintiff's request to move the hearing date, which will be denied as moot. (Dkt. #75). The fact that a scheduling conflict was recently created with a date that had been set by this court months ago is not a persuasive reason to alter this court's deadline and neither party should expect that it will be going forward.